# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | No. 17-cv-4999 |
| vs. ) | Judge Thomas M. Durkin |
| ) | |
| CORDARO DEANDRE SADDER-BEY, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Notice of Removal filed by Defendant Cordaro DeAndre Sadder-Bey on July 5, 2017. *See* R. 1. The Notice of Removal seeks removal of three criminal complaints brought by the State of Illinois against Sadder-Bey in the Circuit Court of Cook County (Complaints for Preliminary Examination, 17-1011159). The criminal complaints allege that Sadder-Bey committed the offenses of (1) aggravated battery against a police officer (he kicked the victim about the left hand and leg) (R. 1 at 13 (Exhibit L)); (2) obstruction of justice (he knowingly furnished a false or fictitious name, residence address, or date of birth when under arrest/detained/or requested to provide information by a police officer) (*id.* at 14 (Exhibit M)); and (3) display of false registration plate (laminated red cardboard plate on rear of vehicle) (*id.* at 15 (Exhibit N)). The Court summarily remands this case to state court because: (1) nothing in Sadder-Bey's Notice of Removal suggests that he is being denied equal protection based on his race, that he is being subjected to any racial inequities, or that he cannot enforce his "equal civil

rights" in the state prosecution; and (2) Sadder-Bey's Notice of Removal was not timely filed.

## DISCUSSION

Section 1455 of Title 28 of the United States Code provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). A notice of removal of a criminal prosecution must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." *Id.,* § 1455(b)(1). The notice of removal must include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice is a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. *Id.,* § 1455(b)(2). In addition, the district court in which such notice is filed must examine the notice promptly, and if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court must "make an order for summary remand." *Id.,* § 1455(b)(4).

The Court has examined the Notice of Removal and now enters this order summarily remanding on both substantive and procedural grounds.

### A. GROUNDS FOR REMOVAL

The grounds stated in the Notice for the removal of the pending criminal charges against Sadder-Bey do not provide a sufficient basis for removal of a state criminal proceeding to federal court. The Notice cites to 28 U.S.C. § 1455 and 42 U.S.C. § 1983, and states that the grounds for removal include the following:

> (1) On or about January 17, 2017, Plaintiffs State of Illinois/P.O. Morlock #15358 filed three complaints . . . in the Circuit Court of Cook County, Illinois, County Department, Criminal Division. Based on the complaints filed [in] the state court, [sic] these complaints were never examined/verified by a Judge.
>
> (2) On June 7th, 8th, and 9th of the year 2017, the Defendant received a summons via Untied States Postal [Service] [sic] three fraudulent "Notice of Forfeiture of Bail Bond" . . . where the notices did not provide a Bond No. or Bond Amount.

R. 1 at 1.

Neither of the statutes cited by Sadder-Bey allows for removal of criminal proceedings based on the grounds cited (the alleged failure of the state judge to examine or verify the criminal complaints or the omission of the bond number or bond amount on a notice of forfeiture of bail bond). Section 1455 merely provides the procedures that must be followed when removing a criminal case from state court; it does not provide a criminal defendant with the right to do so. Section 1983 has nothing to do with removal at all. It provides a substantive right of action against state actors for violations of a person's civil rights. While Sadder-Bey may believe he has a valid claim under § 1983 against state actors arising out of his arrest and

3

criminal prosecution, that potential claim is not an adequate basis for removal of the state criminal proceedings against him. *See Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001) ("A case arises under federal law within the meaning of § 1331 only when the claim for relief depends in some way on federal law, *unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.*") (internal quotation marks and citation omitted) (emphasis added)

Several other statutory provisions not cited by Sadder-Bey do accord a right to remove a state criminal proceeding to federal court, including 28 U.S.C. § 1442(a), 28 U.S.C. § 1442a, and 28 U.S.C. § 1443. But none of these special removal statutes apply here.

The first two cited provisions are plainly inapplicable because Sadder-Bey does not allege that he is an officer of the United States, or that the state criminal proceedings against him target any of the official federal interests that trigger those provisions.

Section 1443, while more closely on point, also is inapplicable. That provision allows removal of a state criminal prosecution in two circumstances. The Court first will consider the circumstances set forth in subsection (2) of § 1443, which permits removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Subsection (2) provides no basis for Sadder-Bey's removal because this provision has been interpreted by the United

4

States Supreme Court to allow removal only by federal and state officers and those acting under them, *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 821 & 824 n.22 (1966), and Sadder-Bey does not allege he fits into any of those categories.

The second set of circumstances under which removal of a state criminal proceeding is allowed under § 1443 is set forth in subsection (1) of that statute, which permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision requires a two-pronged showing. First, the removing party must show that the state criminal prosecution denies him rights to which he is entitled under a specific federal civil rights law which is stated in terms of racial equality. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Wide-sweeping constitutional rights such as the right to due process will not satisfy the statutory requirement, as the right to due process is not granted in terms of racial equality, but it instead applies to all individuals irrespective of race. *Rachel*, 384 U.S. at 792 (explaining that § 1443 does not apply to "the whole gamut of constitutional rights" and that "broad contentions" involving due process "cannot support a valid claim for removal"); *see also Johnson*, 421 U.S. at 219 (finding that allegations that a criminal prosecution "will violate rights under constitutional or statutory provisions of general applicability . . . will not suffice").

Sadder-Bey's stated grounds for removal—the alleged failure of the state judge to examine or verify the criminal complaints and the omission of the bond number or bond amount on a notice of forfeiture of bail bond—do not satisfy the requirement that the grounds for removal be based on the alleged denial to the defendant of a right under a federal law providing for specific civil rights stated in terms of racial equality. Moreover, even if the Court were to look beyond the Notice of Removal in search of a factual basis for removal that would satisfy § 1443(1), it would conclude that none exists. The documents attached to the Notice of Removal as well as the contemporaneously filed Document # 5, entitled "Counter-Claim, Affidavit of Complaint/Amended Complaint," R. 5, do not contain any allegations of fact that fall within the category of criminal cases for which removal is proper under § 1441(1). Essentially, Sadder-Bey alleges that he was stopped and arrested without probable cause and subjected to excessive force during the arrest. He also alleges that illegal searches and seizures were made of his car and person. While Sadder-Bey invokes 42 U.S.C. § 1983 in his Notice of Removal, "§ 1983, despite its obvious protection of civil rights, is not a law providing for 'equal civil rights' within the meaning of the removal statute, at least where § 1983 is not invoked to vindicate a racially motivated denial of equal protection." *Sweeney v. Abramovitz*, 449 F. Supp. 213, 214 (D. Conn. 1978) (internal citations omitted). Although he also alleges that he is a "Moorish American Moslem,"[1] none of Sadder-Bey's allegations suggest an

---

[1] Sadder-Bey uses the word "Moslem" rather than "Muslim" in his pleading. The word "moslem," according to the Merriam-Webster Dictionary, is the "formerly common but now old-fashioned, increasingly rare, and sometimes offensive variant

6

issue of racial discrimination, let alone a basis for concluding that his state criminal prosecution amounts to a denial of a specific civil right under a federal law which is stated in terms of racial equality.

But even if the Court were to assume for purposes of this Order that Sadder-Bey has alleged facts suggesting a violation of a federal law or constitutional provision that is stated in terms of racial equality, his removal petition must also allege or show that he "is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss.*, 384 U.S. at 827; *see Johnson*, 421 U.S. at 219 (petitioner must be unable to or be denied the opportunity to enforce the specified federal right in state court). This requirement can mean one of two things. Either the defendant must point to some state law or constitutional provision that is discriminatory on its face. *See Fenton v. Dudley*, 761 F.3d 770, 774 (7th Cir. 2014) (comparing *Strauder v. West Virginia*, 100 U.S. 303 (1879) (removal was proper where the state statute formally excluded African–Americans from jury service), with *Virginia v. Rives*, 100 U.S. 313 (1879) (removal not proper where, although African–Americans were allegedly excluded from jury service as a matter of course, the state statute was formally neutral)); *see also State of Wis. v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) ("'Denied or cannot enforce' means that the frustration of the right to racial equality is 'manifest in a formal expression of state law'—that a statute or authoritative decision announces that claims of the sort asserted are untenable within the state's

---

of muslim." https://www.merriam-webster.com/dictionary/Moslem; *see* https://www.washingtonpost.com/news/morning-mix/wp/2015/01/12/why-j-k-rowling-is-so-incensed-about-rupert-murdochs-tweet-about-moslems/?utm_term=.9ad7d562ac80.

judicial system.") (citations omitted). In the alternative, "even in the absence of a discriminatory state enactment," removal could be proper if "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Rachel*, 384 U.S. at 804. Suffice it to say that Sadder-Bey has not alleged any basis for concluding that either of these alternative methods of satisfying the second prong for removal under § 1443(1) are met. He has pointed to no blatantly discriminatory provision of Illinois law, and no reason why it would be "clear before trial that [he] would be denied his federal equality rights." *Fenton*, 761 F.3d at 774.

### B. TIMELINESS

The Court also summarily remands the Notice of Removal because it was not filed within 30 days after Sadder-Bey's arraignment in the State court. The Notice of Removal does not include the date of arraignment, but that date is shown in the state record which is attached to the Notice of Removal. Sadder-Bey was arraigned on February 7, 2017. R. 1 at 11, 53. To be timely, Sadder-Bey would have had to have filed the Notice of Removal no later than March 9, 2017. The Notice of Removal was filed on July 5, 2017, and therefore is untimely. Further, Sadder-Bey has not alleged any basis for the Court to conclude that good cause has been shown for an order granting Sadder-Bey "leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

## C. DOCUMENT # 5

Because this case is remanded, Sadder-Bey's "Counter-Claim, Affidavit of Complaint/Amended Complaint," R. 5, must be remanded with it, even though that document purports to state separate claims against twenty-five individuals who are not parties to the state criminal complaint. Technically, the document filed by Sadder-Bey is a third-party complaint, not, as designated, any one of a "counter-claim," an "affidavit of complaint," or an "amended complaint." A criminal defendant does not have the right to file a third-party complaint in his criminal matter. Therefore, Document #5 should be stricken. In addition, Sadder-Bey's "Counter-Claim, Affidavit of Complaint/Amended Complaint" would be subject to dismissal in that it seeks to allege claims against the twenty-five named individuals under 18 U.S.C. §§ 241 and 242. The cited statutes are part of the United States criminal code, and Sadder-Bey is not a federal prosecutor who has standing to bring charges against an individual for committing an alleged crime. Nor may he bring a civil case based on a criminal statute as no private right of action exists under the criminal statutes in question. *See Malnes v. United States Dep't of Educ.*, 2017 WL 2834144, at *1–2 (D. Ariz. June 30, 2017) (citing *Allen v. Gold Cnty. Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)).

But a federal court lacking subject matter jurisdiction over a removed case must remand it to the state court from whence it came, and cannot rule on other pending motions, *see Nichols v. Se. Health Plan of Alabama, Inc.,* 859 F. Supp. 553, 559 (S.D. Ala. 1993) (citing Charles A. Wright & Arthur Miller, FEDERAL PRACTICE

& PROCEDURE § 3739 (1985 & Supp. 1993), and *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959)), or, it logically follows, take any other action *sua sponte* such as striking or dismissing a filing in the case. To the extent that Sadder-Bey wishes to raise federal claims in federal court against the state actors named in the "Counter-Claim, Affidavit of Complaint/Amended Complaint," the appropriate way for him to do so would be to file a separate federal lawsuit. Sadder-Bey is cautioned, however, that frivolous filings alleging a cause of action based on a federal criminal statute may subject him to sanctions. *See* Fed. R. Civ. P. 11.[2]

## CONCLUSION

For the foregoing reasons, this case is remanded back to the Circuit Court of Cook County.

IT IS SO ORDERED

_____
Thomas M. Durkin
United States District Judge

Dated: July 13, 2017

---

[2] The Court also cautions Sadder-Bey if he intends to file a separate federal lawsuit, that a civil complaint naming 25 separate defendants would be dismissed by the Court at least in its current form for reasons in addition to the legal deficiencies in the "Counter-Claim, Affidavit of Complaint/Amended Complaint" already discussed. For instance, the facts alleged demonstrate on their face that the defendant police officers had probable cause for the arrest and any physical force used in the arrest was de minimis. Insofar as Sadder-Bey also names numerous defendants who are judges, prosecutors and other court personnel, the factual allegations do not show any wrong-doing and those defendants, in any event, would be entitled to absolute judicial and prosecutorial immunity.